UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD E. CORBIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 15-2304 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

This matter is now before the Court on Petitioner, Ronald Corbin's ("Corbin"), Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth herein, his Motion [1] is DISMISSED for lack of jurisdiction.

### FACTUAL BACKGROUND

On December 11, 2013, Corbin pled guilty to four counts of aggravated bank robbery and two counts of brandishing a firearm in the United States District Court for the Central District of Illinois. The plea agreement contained a waiver of his right to pursue a direct appeal and collateral attack pursuant to § 2255, as well as an agreement that Corbin should receive credit for acceptance of responsibility and be sentenced to 39 years and 3 months of imprisonment. He was sentenced as agreed by the parties on April 29, 2014. No direct appeal to the Seventh Circuit Court of Appeals was pursued.

Corbin has now brought this petition pursuant to § 2255 claiming that he received no value for his plea, his trial counsel was ineffective for failing to file a notice of appeal, and Counts 1 and 2 of the Indictment allege conflicting theories. The Government has responded, and this Order follows.

DISCUSSION

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), *citing Scott v. United States*, 997 F.2d 340 (7th Cir. 1993).

A § 2255 motion is not, however, a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994).

In this § 2255 Petition, Corbin attacks the validity of his sentence and asks this Court to resentence him. Specifically, he challenges the enforceability of his plea agreement because he purportedly obtained no benefit from it, which is a non-constitutional claim that could have been raised on direct appeal but was not and is therefore waived. *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir.1988), *citing Kaufman v. United States*, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d

- 2 -

227 (1969) ("non-constitutional errors which could have been raised on appeal but were not, are barred on collateral review-regardless of cause and prejudice.")

Corbin's motion is also untimely. There are statutory time limits which govern whether a district court can entertain a collateral attack on a federal sentence. The present case is covered by 28 U.S.C. § 2255, which states in relevant part:

> A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In the present case, Corbin acknowledges that he is untimely, but alleges that he is entitled to relief because he only recently learned that no appeal was filed on his behalf. Thus, this case does not involve the application of sub-sections (1), (2), or (3) above. Rather, he asserts that he asked his appointed counsel to file a notice of appeal on his behalf and always believed that an appeal had been taken, but discovered that no appeal was filed in October 2015.

In the present case, Corbin's direct attack on his conviction became final on May 13, 2014, when he did not pursue a direct appeal. However, he did not submit his § 2255 until November 30,

2015 at the earliest, more than 6 months after his period of limitations expired. In other words, the nearly 18 months that elapsed between the date his Judgment became final and the signing of his motion exceeds the statutorily prescribed 1-year period of limitations after which a federal court cannot entertain a motion under § 2255 – unless he qualifies under one of the exceptions.

The record reveals that Corbin knowingly waived the right to file an appeal in his plea agreement. However, even assuming that he believed he somehow retained the right to file an appeal and asked counsel to do so, he did not exercise reasonable diligence in pursuing such an appeal. Corbin provides no evidence and does not even alleges that he inquired of his counsel or the Court with respect to the status of the appeal or made any reasonable inquiries that would have revealed the fact that no appeal was filed much earlier than October 2015. He points to no confinement related circumstances, disability, or lack of mental capacity limiting his ability to discover the status of his appeal in a more timely manner. *Walls v. United States*, 2005 WL 3307283, at *6-7 (E.D.Wis. Dec. 6, 2005). Accordingly, he has not demonstrated that his untimeliness should be excused because the facts supporting his claim could not have been discovered sooner through the exercise of due diligence.

Corbin would also appear to be barred from bringing this § 2255 motion by virtue of the fact that his plea agreement contains a waiver of his right to bring a collateral attack on his sentence. While he does assert that he should be resentenced, he does not present any evidence indicating that but for his counsel's ineffective assistance, he would not have entered into the plea agreement. So long as the plea agreement stands, the waiver of the right to appeal or pursue collateral relief must generally be enforced. *United States v. Wagner*, 103 F.3d 551 (7th Cir. 1996); *Jones v. United States*,

167 F.3d 1142, 1144 (7th Cir. 1999); *United States v. Nelson*, 124 F.3d 206, 1997 WL 374712, at *1 (7th Cir. July 1, 1997).

However, the Seventh Circuit has recognized that the right to pursue a collateral attack pursuant to § 2255 survives "with respect to those discrete claims which relate directly to the negotiation of the waiver." *Jones*, 167 F.3d at 1144-45; *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000). Corbin makes the bald allegation that his guilty plea was predicated "solely on misinformation from his attorney and the prosecutor, or inappropriate pressure from his attorney, and constituted a coerced and/or involuntary plea." This all appears to relate to his assertion that he obtained no benefit from the plea agreement and did not even receive credit for acceptance of responsibility.

Corbin's self-serving declaration that he received no benefit is demonstrably false. First, with the guideline range of 87-108 on Counts 1, 3, 5, and 6, his sentence could have easily been two years longer without the plea agreement. Second, the record indicates that had the matter proceeded to trial, the Government would have had the option to amend the indictment to add two Section 924(c) counts that would have required a sentence of more than 100 years imprisonment. By entering into the plea agreement, Corbin agreed to and received a sentence of 39 years and 3 months' imprisonment. This term was at least two and possibly more than 60 years less than he could have been facing without the agreement. Although he does not acknowledge this, it is quite a considerable benefit.

The plea agreement contained standard waivers of Corbin's right to pursue a direct appeal or collaterally attack his conviction and sentence. Paragraph 33 provides:

> The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this Plea Agreement and conviction and to the sentence, including any find or restitution, as agreed upon in this Plea Agreement, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this Plea Agreement.

Paragraph 34 of the plea agreement then contains the following:

> The defendant also understands that he has a right to attack his sentence collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States, he received ineffective assistance form his attorney, this Court was without proper jurisdiction or the sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him.  The defendant's attorney has fully discussed and explained this waiver with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, including an agreement to be sentenced to a specific sentence as set forth above, the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his Plea Agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the defendant is sentenced as set forth in this Plea Agreement, excepting only those claims that relate directly to the negotiation of this waiver itself.

The plea agreement also contained a lengthy section of agreed guideline applications, including increases for various factors and a reduction for acceptance of responsibility. (Plea Agreement at ¶25) The agreed total offense level was 28, with a criminal history category of II, resulting in a guideline sentencing range of 87 to 108 months of imprisonment on the four counts of Aggravated Bank Robbery. For the two charged counts of brandishing a firearm during a crime of violence, Corbin agreed that the counts required a mandatory minimum of 7 years of imprisonment consecutive to any other sentence and 25 years of imprisonment consecutive to any other sentence respectively. The agreed sentence was 39 years and 3 months' imprisonment (comprised of 87 months on Counts 1, 3, 5, and 6, to be served concurrently, plus 7 years on Count 2 and 25 years on Count 4, to be served consecutively to each other and Counts 1, 3, 5, and 6. (Plea Agreement at ¶ 27) The parties further stipulated to the facts of the bank robberies in question, including Corbin's brandishing of the firearm during the course of the robberies.

Corbin admitted that he had not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or bring a collateral attack. (Plea Agreement at ¶ 35) He acknowledged that he had reviewed the rights being waived, as well as the possible application of USSG §§ 1B1.3 and 1B1.4, with his attorney and understood. (Plea Agreement at ¶¶ 38-39) Corbin's attorney then signed the statement indicating that she had read the plea agreement and discussed it fully with her client. Corbin himself the signed the statement conceding the knowing and voluntary nature of his plea.

> I have read this entire Plea Agreement carefully and have discussed it fully with my attorney, Elisabeth R. Pollock. I fully understand this agreement and accept and agree to it without reservation, including the paragraphs labeled "Waiver of Right to Appeal" and "Waiver of Right to Collateral Attack."

> I am entering into this agreement voluntarily and of my own free will in order to gain the benefit of the promises made by the United States. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, express or implied, to influence me to plead guilty other than those stated in this written Plea Agreement nor am I under the influence of anything that could impede my ability to understand fully this Plea Agreement.
>
> I am satisfied with the legal services provided by my attorney in connection with this case, Plea Agreement and matters related to it. I further understand that by signing below I am stating I agree with everything stated in this section of the Plea Agreement and I am accepting and entering into this Plea Agreement in its entirety.
>
> I hereby reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement.

(Plea Agreement at ¶ 42)

These provisions were discussed and explained at length during a change of plea hearing before U.S. Magistrate Judge David G. Bernthal. This explanation was more than sufficient to remedy any misinformation (or lack of information) that may have been provided by his counsel with respect to the waiver provisions, and hence, he has failed to demonstrate prejudice resulting from ineffective assistance of counsel. This same dialogue also demonstrates the knowing and voluntary nature of Corbin's waiver, as well as his competency. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 97 S.Ct. 1621, 1629 (1977). Following the hearing, Judge Bernthal issued a report and recommendation finding that Corbin had knowing and voluntarily pled guilty and gave him 14 to file an objection. Corbin did not object, and the report and recommendation was adopted by U.S. District Judge Michael McCuskey. The matter then proceeded to sentencing, where Corbin received the agreed-upon sentence. At no time did he

indicate that he did not understand the terms of the agreement or his sentence, or suggest that his entry in the plea agreement had not been knowing and voluntary.

Therefore, the record before the Court unequivocally demonstrates that Corbin acted knowingly and freely in entering into the Plea Agreement, including the waiver provisions. Had he truly not wished to enter into the Agreement, not understood the proceedings in which he participated, truly believed that he was receiving a different sentence, or been caught unaware by the waiver provisions, it would seem only reasonable that he would have made some attempt to correct the factual record or bring his plight to the attention of the Court.

Corbin has failed to demonstrate that ineffective assistance of counsel negated the knowing or voluntary nature of his plea agreement or the waiver itself, that the waiver was a product of coercion, or that the trial court relied on some constitutionally impermissible factor, such as race, in imposing sentence. Accordingly, the Court now holds that Corbin's waiver of his right to pursue collateral relief was both knowing and voluntary and operates to bar him from pursuing further habeas corpus relief, and this § 2255 Motion is therefore frivolous.

## CONCLUSION

For the reasons set forth herein, the Court cannot find that there has been any credible showing that this Motion is timely or that but for the alleged unprofessional errors of counsel, there is any reasonable probability that the result of this proceeding would have been different, as the record clearly demonstrates that Corbin knowingly, intelligently, and voluntarily waived his right to bring both an appeal and collateral attack on his conviction and sentence. Accordingly, the Government's request to dismiss the motion is granted, and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 [1] is DISMISSED. This matter is now terminated.

## CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). The petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

Here, no reasonable jurist could conclude that Corbin's claims were not either barred from consideration by a valid waiver in his plea agreement or fatally untimely under the well-established law of this Circuit. Accordingly, this Court will not issue him a certificate of appealability.

## CONCLUSION

For the reasons stated herein, Corbin's Motion for Leave to File a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 [1] is DISMISSED, and this matter is now terminated.

ENTERED this 29th day of March, 2016.

                 s/ James E. Shadid
                 James E. Shadid
                 Chief United States District Judge